EDWIN MOORE, use, etc.

V.

JULES GRAVELOT ET AL.

1.  EQUITABLE ASSIGNMENT— An order or draft drawn for the whole of a particular fund operates as an equitable assignment of that fund, and after notice to the drawee it binds the fund in his hands.

2.  ACCEPTANCE BY DRAWEE.—But where the order is drawn either on a general or particular fund for a part only, it does not amount to an assignment of that part, or give a lien against the drawee, unless he consents to the appropriation by an acceptance of the draft.

3.  ASSIGNEE MUST GIVE NOTICE.—It is the duty of the assignee, if he would protect himself, to give prompt notice of the assignment to him, and a failure to do so, although it would not destroy his right, would expose it to the danger of being overreached by a subsequent assignment to another, or to the rights of an attaching creditor of the assignor.

APPEAL from the Circuit Court of Iroquois county; the

Hon. FRANKLIN BLADES, Judge, presiding.    Opinion filed January 7, 1879.

Mr. ROBERT DOYLE, for appellant; that where the amount due is fixed, interest is recoverable thereon until paid, cited Ditch v. Volihardt, 82 Ill. 134; Haight v. McVeagh, 69 Ill. 624; Clark v. Dutton, 69 Ill. 521; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Maltman v. Williamson, 69 Ill. 423.

The garnishment creditor is entitled to all that is due from the garnishee, including interest: McCoy v. Williams, 1 Gilm. 584; First Baptist Church v. Hyde, 40 Ill. 150.

The order in question is an ordinary bill of exchange, and does not operate as an equitable assignment until accepted: McLeod v. Snee, 1 Stra. 762; Hansonlin v. Hartsink, 7 T. Rep. 733; Kelly v. Mayor of Brooklyn, 4 Hill, 263; Kimball v. Donald, 20 Mo. 579; Gibson v. Cooke, 20 Pick. 18; Harris v. Clark, 3 Caines, 115; Lunt v. Bank of North America, 49 Barb. 229; Mandeville v. Welch, 5 Wheat. 286; Winter v. Drury, 1 Seld. 525; Chapman v. White, 2 Seld. 416; Sands v. Matthews, 27 Ala. 399; Harris v. Clark, 3 Comst. 115.

An order or draft for a part of a debt only, does not amount to an assignment *pro tanto;* 5 Wheat. 286; Tieman v. Jackson, 5 Pet. 580; Walker v. Manro, 18 Mo. 564; Gibson v. Cooke, 20 Pick. 18.

Until notice of assignment the debtor cannot be considered as holding the fund in trust for the assignee: Deasal v. Hall, 3 Russ. 1; Loverage v. Cooper, 3 Russ. 30; Freeman v. Rambottom, 2 Sherm. 35; Foster v. Cocksell, 9 Bligh, 332; Douglass v. Hunter, 19 Vt. 98; Ward v. Morrison, 25 Vt. 199.

Service of garnishee process before notice to the debtor of an assignment, will hold the fund: Judah v. Judd, 5 Day, 534; Woodbridge v. Perkins, 3 Day, 364; Van Buskirk v. Hartford Fire Ins. Co. 14 Conn. 144; Bishop v. Holcomb, 10 Conn. 444; Barron v. Porter, 44 Vt. 287; 19 Vt. 93; 25 Vt. 199.

The notice must be actual and not constructive: Iglehart v. Crane, 42 Ill. 261; Lock v. Fulford, 52 Ill. 166.

Notice by a second assignee will prevail over the claim of a prior assignee who has not given notice: Story's Eq. Jur. 301.

Mr. JAMES FLETCHER, for appellee Yates; that an order drawn on a specific fund operates as an equitable assignment of that fund, cited 1 Daniel on Negotiable Instruments, § 21; Morton v. Naylor, 1 Hill, 583; Mandeville v. Welch, 5 Wheat. 277; Anderson v. DeSeor, 6 Gratt. 364; Robins v. Bacon, 3 Greenlf. 346; Drake on Attachments, § 604.

In equity all contracts and agreements may be assigned and the assignee will be protected: Carr v. Waugh, 28 Ill. 418; Hodson v. McConnell, 12 Ill. 170; Chapman v. Shattuck, 3 Gilm. 49; Morris v. Cheney, 51 Ill. 451.

By giving the order the debt became transferred to the assignee: 1 Daniel on Negotiable Instruments, 17; Morton v. Naylor, 1 Hill, 523; Drake on Attachment, 611; Gibson v. Cook, 20 Pick. 15; Morris v. Cheney 51, Ill. 451; Kimrod v. Baugh, 85 Ill. 437;   2 Story's Eq. 1044.

The assignee will be protected, though no notice of the assignment was given: Morris v. Cheney, 51 Ill. 451; Anderson v. DeSeor, 6 Gratt. 384; 1 Daniel on Negotiable Instruments, 17; Carr v. Waugh, 28 Ill. 418; Miner v. Schenck, 3 Hill, 228; Dix v. Cobb, 4 Mass. 508.

SIBLEY, J.   Jules Gravelot was indebted to Edwin Moore for pasturing cattle, in the sum of $32, which became due Oct. 1st, 1876.   On the 23d of March, 1877, Thomas Yates recovered a judgment against Moore for $458.50.   January the 14th, 1878, Wm. C. Coney obtained a judgment before a justice of the peace in Iroquois county against Moore for $175.50. Upon this judgment on the same day an execution was sworn out, which was on the 28th of that month returned, no property found.   An affidavit was then made for the issuing of a garnishee process, against Gravelot, in favor of Moore, for the use of Coney, and served on Gravelot the 31st of January, 1878. Gravelot appeared on the 5th of February, 1878, before the justice, and upon a trial there had, a judgment was rendered against him for $32, from which he appealed to the Circuit Court.

. January the 14th, 1878, upon a settlement between Yates and Moore, the latter gave the former an order on Gravelot, as follows:

"Jan'y 14th, 1878.

"Jules Gravelot, pay to Thos. Yates thirty-two dollars and fifty cents, for herding cattle, and this shall be your receipt.

"Edwin Moore."

On the trial of the cause in the court below, the following June, Yates, by way of interpleader, set up a claim by virtue of the order against Gravelot, for $32.50. Previous to that time, Coney knew nothing of Yates' claim, though Gravelot, before the garnishee proceeding, was informed by Yates that he expected to get an order from Moore on him for the amount due Moore, but received no notice of the procurement of the order until after the service of the garnishee summons, when it was presented to him and he refused to accept it for that reason. The Circuit Court rendered a judgment in favor of Yates for $32, and ordered Coney to pay the costs of suit. It is now insisted by the attorney for Yates, that the order drawn by Moore in his favor on Gravelot operated as an assignment to him of the debt due Moore, and therefore Gravelot could not be garnished by Moore's creditors.

This position is countenanced by some authorities, which are mostly based upon the supposition that an order or draft, drawn on a particular fund, and so drawn as to include the whole fund in the hands of the drawee, operates as an assignment of the debt. Here it will be observed that the order was for $32.50 only. This sum had been due from Gravelot upwards of a year, and Moore was entitled to interest from the time it was agreed to be paid. Hence the order did not call for the entire fund, and in such case the doctrine is well settled that it is not an assignment of the debt until after the drawee has assented to it by an acceptance.

Moreover, it may be well doubted, whether from the order itself it sufficiently appears to be drawn on a particular fund, even if drawn for the entire amount due. Kelly v. Mayor of Brooklyn, 4 Hill, 263; Kimball v. Donald, 20 Mo. 579.

Again, it will be found that many of the cases referred to hold the doctrine that a draft, even upon a special fund, operates as an assignment only from the time of acceptance by the drawee. Thus in Mandeville v. Welch, 5 Wheat. 277,

referred to, "it is said that a bill of exchange is in theory an assignment to the payee of a debt due the drawer." This is undoubtedly true where the bill has been accepted, whether it be drawn on a general or specific fund, and whether the bill be in its nature negotiable or not; for in such case the acceptor, by his assent, binds and appropriates the funds for the use of the payee, and to this effect are the authorities cited at bar. Yates v. Groves, 1 Ves. Jun. 280; Gibson v. Minet, per Byre, C. J. 1 H. Bl. 596–603; Tattock v. Harris, 3 T. R. 174.

In cases also where an order is drawn for the whole of a particular fund, it amounts to an equitable assignment of that fund, and after notice to the drawee it binds the fund in his hand. But where the order is drawn, either on a general or a particular fund for a part only, it does not amount to an assignment of that part, or give a lien against the drawee unless he consents to the appropriation by an acceptance of the draft.

The case of Morris, Adm'r et al. v. Cheney, 51 Ill. 451, was a proceeding in chancery, and the court recognized the doctrine of equitable assignment, even without the assent of the debtor, but also held "that such assignee in order to perfect his title against the debtor, must give immediate and prompt notice of the assignment to him. Still if he does not give such notice, it does not destroy his right but exposes it to be overreached by a subsequent assignment to another." So in this case, Yates having given no notice to the debtor after he had obtained the order from Moore (though there had been some loose talk in his presence that Yates expected to procure an order, this did not amount to a notice that one had been actually obtained), he was therefore overreached by the garnishee proceeding of Coney against Gravelot.

If the order was as counsel seem to admit, a negotiable instrument, then it would follow that it did not operate as an assignment of the debt due from Gravelot to Moore. In Cowperthwait v. Sheffield, 1 Sandf. 416, Vanderpool, J., said: "If these bills had been in the form of orders for the entire proceeds of the shipment, they might, after notice to the drawee, have operated as an assignment of such proceeds. But they would not have possessed all the characteristics of bills of exchange. If in

such form they could be negotiated, they would on their face convey information to every holder of the fund on which they were drawn.    In Cutts v. Parks, 12 Mass. 209, the drawee consented to the assignment by acceptance, and it so appears in Morton v. Naylor, 1 Hill, 583; and in Robbins v. Bacon, 3 Greenl. 346, referred to, the order had been presented to the drawee before the service of the trustee process.

That the order in this case operated at law as an assignment of the debt due from Gravelot to Moore under the circumstances, we are not prepared to hold.

Parsons, in his treatise on Notes and Bills, vol. 1, 331, remarks: "that there may be some dicta to the effect that a bill of exchange is an assignment, but no case that we are aware of with the exception of one, has held this doctrine in an unqualified way, and that case must be considered as overruled.    The doctrine is well settled that before acceptance, a negotiable bill for a part of the fund is no assignment, but becomes one on the drawee signifying his assent by accepting the bill."

It may be remarked that this was a proceeding at law, and it is only legal rights that are the subject of inquiry.    May v. Baker, 15 Ill. 89.

Courts of law will doubtless protect the equitable owner of choses in action whenever they can do so without interfering with the rights of innocent parties, and the cases referred to by appellee do not push the doctrine any farther than this.

Will it be questioned that if Gravelot had paid Moore the amount due him, or had accepted a subsequent order drawn by Moore before notice of the prior order to Yates, that the payment in the one case, and his liability in the other, would have been perfectly effectual?

That Coney's rights as attaching creditor of Moore should be protected to the same extent as a *bona fide* purchaser of a subsequent order after acceptance without notice of the prior one, is settled by the cases of Manning v. McClure et al., 36 Ill. 490; Butler v. Haughwaut et al. 42 Ill. 18.

The idea suggested, that it was the duty of Coney to have brought Yates, by notice or otherwise, before the justice upon the trial of the garnishee proceeding, thereby affording him

an opportunity to assert his claim, is the very opposite of what ought to have been done, so far as Yates is concerned.

The judgment is reversed and the cause remanded.

Reversed and remanded.