[Civ. No. 815.    Third Appellate District.—August 30, 1911.]

## JOHN McDONOUGH et al., Respondents, v. ANDE NOWLIN, Appellant.

PROMISSORY NOTE—PAYMENT BY ACCOMMODATION INDORSER—PRINCIPAL
AND SURETY—REMEDY—ASSUMPSIT FOR MONEY EXPENDED.—It is
the settled law in this state that the remedy of an accommodation
indorser who has paid the note is not by bringing an action on the
note paid, but by counting upon the *assumpsit* which the law im-
plies where a surety is compelled to advance money for his principal.

ID.—AMBIGUOUS COMPLAINT—ABSENCE OF DEMURRER—SUPPORT OF JUDG-
MENT.—Where the complaint is somewhat ambiguous and uncertain
as to whether the plaintiffs are claiming on the note alleged to
have been paid, or for the money advanced, and had the defendant
raised the objection by special demurrer, the complaint might have
been amended, so as to remove any ambiguity and uncertainty
thereon, it will be deemed sufficient to support a judgment for the
money paid.

ID.—CODE PLEADING—FACTS SET OUT—NAME IMMATERIAL—MEASURE OF
RECOVERY.—Under our system of pleading, where all the facts of
the transaction are set out, it can make but little difference as to
the measure of recovery, in the generality of cases, whether it be
said that an accommodation maker or indorser who has been com-
pelled to meet the obligation of his principal is entitled to sue upon
the note, with a recovery limited to the amount he has expended
with legal interest, or whether it be said that his action is in *as-
sumpsit* for money laid out on behalf of his principal, and that his
recovery is measured by the amount he has so expended, with legal
interest.

ID.—SUPERFLUOUS FINDING—SUFFICIENCY AND SUPPORT OF OTHER FIND-
INGS.—It is held that a finding of the court that plaintiffs are the
owners and holders of the promissory note, and are entitled to judg-
ment against the defendant therefor, was superfluous and unneces-
sary, where the other findings of fact are supported by the evidence
and are sufficient to support the judgment.

ID.—RECOVERY FOR MONEY EXPENDED—NEW NOTE TO SURETIES UNPAID.
The plaintiffs, upon the facts stated, are entitled to recover for
the money expended for their principal, although a new note was
given to them by the principal in payment and extinguishment of
the first note, and although the new note was unpaid at the time of
the trial.

ID.—CHATTEL MORTGAGE NOT REFERRING TO NOTE PAID BY SURETY—RE-
COVERY FOR MONEY PAID NOT PRECLUDED.—Where a chattel mort-
gage does not refer to the note paid by the surety, and if it was

intended to secure such note, the security was extinguished by payment of the note, the former existence of such security would not preclude a recovery against the principal for the money paid, or require the plaintiffs to first seek relief under such chattel mortgage, as they would not be entitled to such relief under the paid note.

Id.—Allowance of Compound Interest—Amount of Recovery.—The plaintiffs having paid the note, with legal interest unpaid thereon to the date of payment, were entitled to recover legal interest thereafter on the amount paid, though it involves compound interest upon the interest so paid.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

A. M. Ewing, and T. J. Butts, for Appellant.

J. T. Coffman, for Respondents.

CHIPMAN, P. J.—This is an action commenced by plaintiffs, as sureties, against the defendant, alleged to have been the principal in executing the obligation which was paid by plaintiffs.

The complaint alleges: That plaintiffs and defendant, on June 3, 1908, executed the joint and several promissory note set out in the complaint, which was payable to the Farmers and Mechanics' Bank of Healdsburg, for the sum of $1,000; that the debt evidenced thereby was "the sole debt of the said defendant, and that the plaintiffs signed the same as sureties only, as an accommodation to him, and without any other consideration whatsoever, and upon the promise of said defendant that he would pay the whole of said debt evidenced by said promissory note"; that defendant paid the interest to December 3, 1909, "but nothing further of interest and no part of the principal has ever been paid"; that the said promissory note falling due and defendant failing to pay the same, plaintiffs "were compelled to and thereupon did" pay said promissory note, principal and interest; "that no part of said sum of $1,000, or of the interest thereon, has ever been repaid to plaintiffs or any of them, and that there is now due, owing and payable and unpaid from said de-

fendant to the said plaintiffs, the aforesaid principal sum of $1,000 and interest thereon from the third day of December, 1909, at the rate of seven per cent per annum." The prayer is for judgment for the sum of $1,000 and interest thereon from December 3, 1909, at the rate of seven per cent per annum, compounded semi-annually, and for costs of suit. Without demurring to the complaint, defendant answered by a general denial.

The court found the facts as alleged in the complaint; that defendant "borrowed and received from said bank the said sum of $1,000, all to his own sole use and benefit, and that the said plaintiffs did not, nor did either of them, at any time or at all receive or have any part of the same, or any use or benefit thereof"; that plaintiffs executed said promissory note as an accommodation to defendant and without other consideration; that defendant paid the interest due on said promissory note up to December 3, 1909, but has paid nothing further; that said bank demanded payment of said note from plaintiffs, and that plaintiffs paid the same in full and interest thereon falling due after December 3, 1909.

Among the conclusions of law is one which is more a finding of fact than a conclusion of law—that, having paid the said promissory note, plaintiffs "are now the owners and holders of the same," and that the principal thereof, together with interest thereon at the rate therein provided, "is due, owing and payable from said defendant to the said plaintiffs, and that they are entitled to judgment against said defendant therefor, together with their costs herein."

The evidence was that the note referred to in the complaint was taken up by plaintiffs after its maturity and their joint and several note given in its stead and in payment, and that defendant has never paid to plaintiffs any part of the money borrowed by him on the note except interest up to December 3, 1909.

The principal point relied upon by appellant is that the plaintiffs mistook their remedy by bringing the action on the promissory note, which they claim to have paid, instead of counting upon the *assumpsit* which the law implies where a surety is compelled to advance money for his principal, as was held to be the correct procedure in *Yule* v. *Bishop*,

133 Cal. 574, [65 Pac. 1094]. And it is further contended that the trial court fell into the same error as is shown by the finding referred to as part of the conclusions of law. That the rule is as laid down in the case cited is settled law in this state. The complaint is somewhat ambiguous and uncertain in this regard, and had the defendant raised the point by demurrer, no doubt the complaint would have been amended so as to remove any ambiguity or uncertainty in the pleading. It was said in the case cited, at page 380: "Under our system of pleading, where all the facts of the transaction are set out, it can make little difference in the generality of cases whether it be said that an accommo- dation maker or indorser who has been compelled to meet the obligation of his principal is entitled to sue upon the note, with a recovery limited to the amount he has expended, with legal interest, or whether it be said that his action is in *assumpsit* for money laid out on behalf of his principal, and that his recovery is measured by the amount he has so expended, with legal interest." The facts of the trans- action are set out in the present case with sufficient fullness to support a judgment under the rule laid down in *Yule* v. *Bishop,* 133 Cal. 574, [65 Pac. 1094].

The finding of the court that plaintiffs are the owners and holders of the promissory note and are entitled to judgment against defendant therefor was a superfluous and unneces- sary finding. The other findings of fact are supported by the evidence and are sufficient to support the judgment.

The objection that the evidence failed to show payment of the note by plaintiffs because the giving by them of their note was not such payment as entitled them to recover from defendant is not well founded. Where a surety or accommodation indorser has paid the note of his principal by executing his own note to the holder, and it is accepted in payment and extinguishment of the first note, he has an action to recover the amount of the first note from the defendant as for money paid for his use, though his own note was not paid at the time of the trial. (*Stanley* v. *McElrath,* 86 Cal. 449, [25 Pac. 16, 10 L. R. A. 545].)

It is further contended that plaintiffs had a chattel mort- gage on "one Standard Mergenthaler Linotype, and one

Hoe Cylinder Printing Press,'' as collateral security to secure them against the payment of the note to the bank, and that it was plaintiffs' first duty to exhaust this security before an action would lie on the implied obligation here involved.

For some inscrutable reason plaintiffs submitted in evidence a certain agreement in writing of date May 14, 1908 (prior to the execution of the note), which appears to have been a conditional agreement of certain parties to become sureties for defendant in securing a loan of $1,500. Plaintiffs also introduced in evidence an instrument in writing which has the semblance of a chattel mortgage on ''One Standard Mergenthaler Linotype, and one Hoe Cylinder Printing Press,'' executed by defendant and bearing date January 30, 1909, several months after the execution of the note set out in the complaint. Plaintiffs contend that this mortgage is of no validity, because of defects in its form and in the manner of its execution. They also claim that in any event defendant cannot avail himself of the mortgage because he did not set it up as a defense. But it is in the case and at plaintiffs' instance and cannot be ignored. It purports to be between defendant and plaintiffs, all of whom signed the note, and purports to mortgage ''to the said mortgagee, all that certain personal property situated and described as follows, to wit: One Standard Mergenthaler Linotype, and one Hoe Cylinder Printing Press, as security for the payment to said mortgagees of the said mortgage of one thousand ($1000) Dollars lawful money of the United States of America, on —— day of ————, in the year nineteen hundred and ————, with interest thereon, at the rate of —— per cent per ————, according to the terms and conditions of —— certain promissory note of even date herewith, and in the words and figures following, to wit: —— 'After date I promise to pay to Jno. McDonough, *et al.*, the sum of one thousand dollars ($1000) lawful money of the United States of America without interest. Signed. Ande Nowlin.' It is also agreed that if the mortgagor shall fail to make any payments as in the said promissory note provided, then the mortgagee may take possession of said property, using all necessary force so to do, and may immediately proceed to sell the same in the manner provided by

17 Cal. App.—4

law, and from the proceeds pay the whole amount in said note specified."

"In Witness whereof, etc.

"ANDE NOWLIN."

Attached to the instrument is an affidavit of the mortgagor in the usual form and also a certificate of acknowledgment. No other affidavits appear to the instrument. It appears to have been recorded February 19, 1909, at the request of the Farmers and Mechanics' Bank of Healdsburg.

The evidence was that no such note as is referred to in the mortgage was ever executed, and the mortgage cannot by any stretch of construction be said to refer to the note which was given several months prior to the date of the mortgage. Just how far an equity court would interpose to carry out the intention of the parties, whatever it was, is not easy to conjecture. But it is plain that this mortgage on its face does not show that it was given to secure the note already executed and in the hands of the bank, for it distinctly refers to "a certain promissory note of even date herewith and in the words and figures following, to wit," whereas the note given to the bank was dated June 3, 1908, and the evidence was that no other note was executed. So far as appears, this mortgage was given to secure an obligation entirely different from the one on which plaintiffs were sureties. How it can be said to operate as security for the implied obligation on which the action is based we are unable to see. Plaintiffs, at the trial, disavowed claiming any rights under it, and the trial court regarded it as having no legal force. We do not think that plaintiffs were precluded from pursuing this action without first having sought relief under this mortgage.

Defendant admits the indebtedness. His fear that he cannot safely pay what he owes without plaintiffs first releasing this mortgage is more fanciful than real. Should plaintiffs attempt to sell his property under this mortgage after he has paid this judgment he would find little difficulty in preventing it if it be true that the intention of the parties was that the mortgage should apply to the note given to the bank. Plaintiffs would not be permitted to sell the property in discharge of an obligation already paid by him.

One other point is made, namely, that plaintiffs recovered compound interest. They were entitled to interest on the amount of the obligation paid by them. Plaintiffs were entitled to recover the principal sum of $1,000 and seven per cent interest from December 3, 1909, to date of payment by plaintiffs, May 16, 1909, amounting to $1,031.69, and this sum plus legal interest from the last-mentioned date to October 3, 1910 (date of judgment), making $1,059.15, the amount of the judgment. The correctness of this computation is not disputed by defendant. Whatever the court may have said in its conclusions of law, its judgment as rendered was supported by the evidence, and is affirmed.

Hart, J., and Burnett, J., concurred.