[S. F. No. 5891. Department Two.—December 30, 1912.]

JOSEPH H. GOLDMAN, Respondent, v. JAMES A. MURRAY, ALFRED D. BOWEN, and C. W. BUCHHOLZ, Defendants; JAMES A. MURRAY, Appellant.

EQUITABLE ASSIGNMENT—PROMISSORY NOTES TAKEN FOR PART OF DEBT OF CORPORATION—INDORSEMENT OF NOTES—INDORSEE BECOMES ASSIGNEE PRO TANTO OF ORIGINAL DEBT—INVALIDITY OF NOTES.—Where a *bona fide* creditor of a corporation takes from it promissory notes evidencing a part of its debt to him, in the belief of the validity of the notes, and passes them on in due course of business to his creditor, the notes being given to and received by the indorsee in payment of the indorser's indebtedness to the indorsee, the assignments of the notes operated as a *pro tanto* equitable assignment of the original indebtedness, notwithstanding the notes themselves were invalid as corporate obligations, and no acceptance of the assignment was made by the corporation.

ID.—FORM OF EQUITABLE ASSIGNMENT.—In order to constitute an equitable assignment of a debt, no express words to that effect are necessary. If from the entire transaction it clearly appears that the intention of the parties was to pass title to the chose in action, then an assignment will be held to have taken place.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Garber, Creswell & Garber, and Hillyer, Stringham & O'Brien, for Appellant.

C. H. Wilson, for Respondent.

HENSHAW, J.—This is an action to enforce a stockholder's liability for his proportion of certain debts of the

corporation. The complaint charged in separate causes of action upon different items of indebtedness. One will serve as a type of all. After the allegations of the corporate existence and capacity of the corporation, the number of outstanding shares and the number of those shares owned by defendant Murray, it is alleged that the corporation became indebted to Alfred D. Bowen "for cash loaned and advanced for its use and benefit in the sum of $20,000"; that the corporation then made its promissory note as evidence of the indebtedness and promised to repay Alfred D. Bowen the sum of twenty thousand dollars on demand; "that Alfred D. Bowen thereafter and before the maturity of said note, for value received, indorsed the same to this plaintiff and duly assigned to this plaintiff the aforesaid indebtedness of said corporation. The other causes of action charge in similar language upon like indebtedness, also evidenced by promissory notes. Upon the trial the existence and validity of the indebtedness from the corporation to Bowen stood unchallenged. Defendant Murray, however, attacked the validity of the promissory notes. The trial court found in favor of the plaintiff on all the issues, saving that it found that the promissory notes were not duly or at all authorized by the corporation or the board of directors thereof. But still further the court found that the corporation was indebted to Bowen for moneys loaned to it in the amount sued for, and that Bowen duly assigned to the plaintiff this indebtedness. It found defendant Murray liable as a stockholder and gave judgment accordingly.

Appellant's attack is directed against the finding of the assignment by Bowen of the debt due the latter from the corporation. If this finding is supported there is an end to the controversy. Preliminary to the consideration of the question it should be noted that the invalidity of the corporation's notes arose from the fact that Bowen, creditor of the corporation and payee of the notes, was also a director, that as a director he voted for the issuance of the notes, and that without his vote the issuance would not have been ordered. A second fact is that the amounts mentioned in the notes were not, at the times when they were drawn, the full amounts of the indebtedness due from the corporation to Bowen, or phrasing it differently they were in the nature of orders for

a part of the indebtedness or fund due to the creditor at the time they were drawn.

The evidence, and all of the evidence, touching the equitable assignment by Bowen to plaintiff is that the notes were intended to cover the advancements made by Bowen to the corporation, that Bowen was indebted to plaintiff in the amounts evidenced by the promissory notes, and that he indorsed them to plaintiff and delivered them to plaintiff "for payment of advances." Appellant's contention is that "a bill of exchange or draft payable generally, and not out of any particular fund or debt, will not, before acceptance, operate as an assignment to the holder of the bill or draft of a debt due from the drawee to the drawer." (*Lewis* v. *Traders' Bank*, 30 Minn. 134, [14 N. W. 387]; 4 Cyc. pp. 47, 49.) "That an order drawn on a fund for a part only does not amount to an assignment." (*Moore* v. *Gravelot*, 3 Ill. App. 442.) That "a bill itself, before acceptance, has no tendency to prove the assignment, but the contrary." (*Cashman* v. *Harrison*, 90 Cal. 297, [27 Pac. 282].) In argument it is said that a general indorsement, such as these promissory notes bore, affords no evidence of an assignment of any fund or indebtedness, and that the oral testimony failed utterly to show any such assignment. Finally appellant argues, placing much reliance on *Cashman* v. *Harrison*, 90 Cal. 297, [27 Pac. 282], that a deliberate and established effort to assign would have been inefficacious without the acceptance of the debtor, which acceptance in this case admittedly was not established. But while *Cashman* v. *Harrison* does support this view, its declarations are at variance with the earlier decisions of this court. *Wheatley* v. *Strobe*, 12 Cal. 92, [73 Am. Dec. 522]; *Pierce* v. *Robinson*, 13 Cal. 116; *Pope* v. *Huth*, 14 Cal. 403.) In *Lawrence Natl. Bank* v. *Kowalsky*, 105 Cal. 42, [38 Pac. 518], there was under consideration an inland bill of exchange or draft which had not been accepted. This court said: "An equitable assignment of a specific demand or particular indebtedness may be effected by means of an instrument having the form of an order or bill of exchange drawn by the creditor upon the debtor for its full amount, when such is the intention of the drawer and payee, and it is not essential that the intention to make such assignment should appear on the face of the order or bill of exchange (*Bank*

*of Commerce* v. *Bogy,* 44 Mo. 13, [100 Am. Dec. 247]; 1
Daniel on Negotiable Instruments, (4th ed.), sec. 20; *Wheat-
ley* v. *Strobe,* 12 Cal. 92, [73 Am. Dec. 522]), and it was not
the intention of this court to overrule the latter case by any-
thing said in the course of the opinion in *Cashman* v. *Har-
rison,* 90 Cal. 297, [27 Pac. 283]." Touching the evidence
establishing such an equitable assignment it is said in *Mc-
Intyre* v. *Hauser,* 131 Cal. 11, [63 Pac. 69] : "In order to con-
stitute an equitable assignment of a debt, no express words
to that effect are necessary. If from the entire transaction
it clearly appears that the intention of the parties was to pass
title to the chose in action, then an assignment will be held
to have taken place." We have before us, then, a case where
the *bona fide* creditor of a corporation takes from it promis-
sory notes evidencing its debt to him, with a belief in the
validity of the notes, and passes them on in due course of
business to his creditor, the notes being given to and received
by the indorsee in payment of the indorser's indebtedness to
the indorsee. The assignments of the notes, so far as Bowen
and the plaintiff were concerned, carried with them the
original indebtedness. (*Redington* v. *Cornwell,* 90 Cal. 63,
[27 Pac. 40] ; *Knowles* v. *Sandercock,* 107 Cal. 640, [40 Pac
1047] ; 7 Cyc. 816.) The intent of the parties—of Bowen
on the one hand to assign and of the plaintiff on the other
to accept the assignment of the corporation indebtedness—
thus clearly evidenced by the transaction between them, is
not affected by the fortuitous circumstance that the notes
themselves were invalid as corporation obligations. They
still had validity, not as negotiable instruments, but as evi-
dencing the contract between Bowen and the plaintiff, and
this contract amounted to a valid equitable assignment. First,
since no precise form of words or writing is necessary to the
establishment of an equitable assignment, it mattered not
whether the notes were or were not the valid obligations of
the corporation. They still afforded evidence of what, as be-
tween themselves, the plaintiff and the witness Bowen pro-
posed to do and did with the indebtedness owed to the latter
by the corporation. Second, as we have seen, the acknowl-
edgment and acceptance by the corporation of the assignment
of the debt of Bowen to plaintiff was not essential to the
validity of the assignment, and, third, while authority is

divided upon the question of the equitable assignability of a portion of a debt or fund before acceptance, the sounder view we take it is that expressed in 1 Daniel on Negotiable Instruments, sec. 23, and upon this point we cannot do better than to quote the learned author at length:

"This doctrine is clearly correct in so far as it applies to legal assignments. The holder of the bill or order cannot sue the drawee-at-law in his own name, as he would thus divide the cause of action, and leave a balance due the creditor. He cannot sue in the creditor's name, except by his consent, as, at best, he is only entitled to a part of the debt due him. But it has been held in numerous cases, and we think should now be regarded as law, that a non-negotiable order for part of a fund operates as an equitable assignment *pro tanto*. Clearly this is the case when it has been accepted or assented to by the drawee. And when it has not been accepted, *our own view is this:* that a *non-negotiable order for part of a fund does operate as an equitable assignment pro tanto* as between the drawer and payee, because obviously so intended. But as between drawer and payee on the one side, and the drawee on the other, it creates no obligation on the latter to pay it, as he has a right to insist on an integral discharge of his debt. And if the creditor give a subsequent order for the whole amount, he may pay it with impunity, as he thus discharges his debt in its entirety at once. But if the payee or indorsee goes into equity, or the parties are brought therein by any proceeding, so that all of them are before the court, the holder of the order may enforce it as an equitable assignment as against all subsequent claimants, whether by assignment from the drawer, or by legal process served upon the drawee.

"Mr. Justice Story has stated the principle, as we conceive it, more correctly in his treatise on Equity Jurisprudence, than in the cases hitherto cited; and he there declares that, while a draft for part of a fund operates no assignment at law, the same principle applies in equity to a draft for part of a fund that applies to a draft for the whole, and that 'in each case a trust would be created in favor of the equitable assignee of the fund, and would constitute an equitable lien upon it.' We can perceive no sufficient reason for excluding a bill for a part of a fund, whether it be negotiable or not,

from operating as an equitable assignment within the limitations of the text. It would only carry out to its legitimate sequence the theory of the bill.''

For these reasons the judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.