[Civ. No. 5537. Second Appellate District, Division One.—January 10, 1929.]

F. LAVERS, Respondent, v. GUY JONES, Appellant.

Emmons & Aldrich for Appellant.

Brittan & Brittan for Respondent.

HOUSER, J.—The facts are that defendant and one Brown executed a promissory note in favor of a bank. On maturity, and after the refusal of defendant Jones to pay the note, it was paid by Brown. Thereupon the bank assigned to Brown all its interest in the note, which in turn Brown assigned to plaintiff. From a judgment in favor of plaintiff, defendant appeals.

The complaint contained two causes of action. By the first, in substance the facts hereinbefore set forth were alleged. By the second, in addition to such facts, plaintiff alleged that on the date when Brown paid the note defendant became indebted to him "for money paid out and received for the use and benefit of the defendant at his special instance and request in the sum of $1,027.79 and for which amount said defendant agreed to pay."

As to the first cause of action, appellant's contention that as the note was paid by Brown, the obligation was discharged and consequently that no recovery on the note could be had by Brown or his assignee as against the comaker of the note, finds support in the cases of *Yule* v. *Bishop,* 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094], and *McDonough* v. *Nowlin,* 17 Cal. App. 45 [118 Pac. 463]. However, in each of those authorities a pleading such as is stated by plaintiff in the second cause of action is directly authorized and recognized as proper in a case of the nature of that here under consideration. For its legality, therefore, the judgment must rest on the second cause of action. As drawn, the judgment includes an item of $150 for attorney's fees. No authority has been produced by which the recovery of attorney's fees has been authorized in a situation such as is here presented.

Appellant also contends that the record does not disclose that the second cause of action was ever directly and in express terms assigned to plaintiff. We think, however, that the general assignment of all the right, title, and interest of Brown in and to the note in question, to-

gether with the testimony of Brown on the subject, sufficiently sustains the position of plaintiff to the effect that the parties to such assignment contemplated the transfer to plaintiff of all the rights of Brown in the transaction. (3 Cal. Jur. 261; *Goldman* v. *Murray*, 164 Cal. 419 [129 Pac. 462].)

▮ Appellant's other objections are covered by the fact that on examination of the transcript of the record made in the lower court it satisfactorily appears that the evidence supports the findings, and that the conclusions of law thereon are in accordance with the law as indicated in the authorities to which reference has been had.

It is the conclusion of this court that the judgment should be modified by striking therefrom the item of $150 allowed as attorney's fees. As thus modified, it is ordered that the judgment be and it is affirmed; neither party to recover his costs on appeal.

Conrey, P. J., and York, J., concurred.