[No. 15486.   Department Two.—December 8, 1894.]

## LAWRENCE NATIONAL BANK, RESPONDENT, *v.* EDWIN H. KOWALSKY, APPELLANT.

PLEADING—COMPLAINT—GENERAL DEMURRER.—Where a complaint is sufficient to sustain a judgment, although it may be carelessly drawn, a general demurrer is properly overruled.

ID.—ARGUMENTATIVE ALLEGATION OF ASSIGNMENT—ORDER UPON DEFENDANT—ACCOUNT FOR GOODS SOLD AND DELIVERED.—Where the complaint sets out an order or draft drawn upon the defendant by his creditor, payable to the order of the cashier of the plaintiff, and alleges that the claim of the creditor was for goods sold and delivered to the defendant, and the said draft was sold and delivered by said creditor to

the plaintiff, and that he thereby assigned and transferred his claim against the said defendant, though it is informal and argumentative as to the fact of assignment of the drawer's demand against the defendant for goods sold and delivered, is not wholly silent as to the fact of such assignment, and any defect in it can only be reached by a special demurrer, but the complaint states sufficient facts to support a judgment in favor of the assignee as against a general demurrer.

ID.—EQUITABLE ASSIGNMENT—INTENTION OF PARTIES.—An equitable assignment of a demand may be effected by means of an instrument having the form of an order or bill of exchange, drawn by the creditor upon the debtor for the full amount of the indebtedness, when such is the intention of the drawer and payee, and it is not essential that the intention to make such assignment should appear upon the face of the order or bill of exchange.

ID.—ISSUE AS TO ASSIGNMENT—PRESUMPTION IN FAVOR OF JUDGMENT.— Where the answer presents an issue as to the assignment of defendant's indebtedness from his creditor to the plaintiff it must be presumed upon appeal in support of the judgment that the fact of such assignment was litigated upon the trial, and that the case was treated by the parties as involving that issue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*George A. Rankin,* and *Henry I. Kowalsky,* for Appellant.

*Fox, Kellogg & King,* for Respondent.

DE HAVEN, J.—The defendant appeals from a judgment against him. The appeal is brought here upon the judgment-roll, which does not contain any bill of exceptions. The court below overruled a general demurrer to the complaint, and the appellant claims that this ruling was erroneous, and that the judgment should be reversed upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff sues as assignee of one Pendleton, and the complaint alleges, among other matters, that " on the 17th day of April, 1891, the said defendant was indebted to W. H. Pendleton, of Lawrence, Kansas, in the full sum of fifteen hundred and ninety ($1,590) dollars, as and for the purchase price of four hundred cases

of eggs theretofore sold by the said Pendleton to the said defendant, and delivered free on board at Lawrence, Kansas; that on that day, to wit, the 17th day of April, 1891, the said W. H. Pendleton made and executed his certain draft on the said defendant under and by the name of 'Kowalsky & Co.,' in the words and figures following, to wit:

"'$1,590.                              April 17, 1891.

"'Pay to the order of H. C. Vaughan cash fifteen hundred and ninety dollars, value received, and charge the same to account of W. H. Pendleton.

"'To KOWALSKY & CO.,

"'No. ——, San Francisco, Cal.'

"That the said H. C. Vaughan was then, and ever since has been, and still is, cashier of this plaintiff; that for valuable consideration said Pendleton then and there on the 17th day of April, 1891, sold and delivered the said draft to this plaintiff, and thereby assigned and transferred to this plaintiff his claim against the said defendant doing business under the name of Kowalsky & Co., and the said plaintiff then and there became, ever since has been, and still is, the owner and holder of the said draft, and of the said claim, and of all moneys due thereon."

The objection urged against the complaint is that it does not sufficiently set forth an assignment to plaintiff of defendant's alleged indebtedness to Pendleton. The complaint is certainly very carelessly drawn, but is, we think, sufficient to sustain a judgment, and, therefore, the general demurrer was properly overruled. An equitable assignment of a specific demand or particular indebtedness may be effected by means of an instrument having the form of an order or bill of exchange drawn by the creditor upon the debtor for its full amount, when such is the intention of the drawer and payee, and it is not essential that the intention to make such assignment should appear upon the face of the order or bill of exchange (*Bank of Commerce* v. *Bogy*, 44 Mo. 13; 100 Am. Dec. 247; 1 Daniel on Negotiable In-

struments, 4th ed., sec. 20; *Wheatley* v. *Strobe,* 12 Cal. 92; 73 Am. Dec. 522), and it was not the intention of this court to overrule the latter case by any thing said in the course of the opinion in *Cashman* v. *Harrison,* 90 Cal. 297.

While the complaint here does not in direct terms allege that the draft therein set out was drawn for the purpose of making an assignment to plaintiff of the drawer's demand against defendant on account of the eggs sold and delivered to him as alleged, still the complaint is not wholly silent as to the fact of the assignment, and, while it must be conceded that its allegation in relation thereto is informal and argumentative, this objection to the complaint is one that could only be reached by a special demurrer. It is only when a complaint entirely fails to state some fact necessary to uphold the judgment that this court will reverse the judgment because of the failure of the lower court to sustain a general demurrer to the complaint.

But, in addition to this, the answer in this case presents the issue as to the assignment of defendant's indebtedness from Pendleton to plaintiff, and we must presume in support of the judgment that the fact was litigated upon the trial, and that the case was there treated by the parties as involving that issue.

Judgment affirmed.

Fitzgerald, J., and McFarland, J., concurred.