[L. A. No. 3810. Department One.—December 16, 1916.]

HUGHES MANUFACTURING AND LUMBER COMPANY, Appellant, v. LILLIAN HATHAWAY et al., Respondents.

MECHANICS' LIENS—TIME FOR FILING CLAIM OF MATERIALMAN—FILING NOTICE OF COMPLETION OF ORIGINAL CONTRACT.—Under section 1187 of the Code of Civil Procedure, where the owner files a notice of the completion of the original contract under which materials were furnished for the erection of a building, the time allowed the materialman within which to file his claim of lien begins to run from

the date of the filing of the notice of completion, and if filed within thirty days after the filing of such notice, it will be deemed to be within the time prescribed, whether within thirty days after the actual completion or not.

Id.—Filing Notice of Completion—Contract for Part of Building. Under that section it is not always the completion of the entire building that sets running the time for filing the notice of completion and the optional time for the filing of claims. It may be "the completion of the original contract," as to claims of liens, or the "completion of any contract," as to the notice of completion, and in either case such contract may be for the construction of only a part of the building, and may be completed before the completion of the entire building. The ten days allowed for filing the notice of completion of such a contract begins to run at the time of its actual completion by the contractor.

Id.—Time for Filing Claim Where no Notice of Completion is Filed.—If no notice of completion is filed, the claimant is only required to file his claim before the expiration of the period of ninety days after the completion of the building as a whole, as provided in the last clause of the section. If his claim is filed within that period and also within thirty days after the filing of the notice of completion of the contract under which he claims, he may rest secure that it is filed in time. If he files the claim within ninety days after completion of the building, and the owner fails to file a notice of the completion of the original contract under which the lien is claimed, within ten days after its actual completion or forty days after cessation of labor thereon, the claimant may rely on the estoppel created by the statute to prevent the owner from disputing the timely filing of the claim.

Id.—Meaning of Phrase "Completion of Building."—The phrase "completion of the building," etc., as used in the last clause of the section fixing the ninety day period, means either the actual completion, or the completion by cessation of labor for thirty days upon the *building*, etc., or completion by occupation or acceptance, as the case may be. As there used, it cannot be held to mean the completion effected by operation of law when the notice of actual completion is filed.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Arthur Wright, for Appellant.

McClure & Turner, for Respondents.

SHAW, J.—The court below sustained a demurrer to the complaint and thereupon gave judgment for the defendant. The plaintiff appeals.

The plaintiff sued to foreclose a lien for the price of certain materials furnished by it to a building contractor to be used in the construction of four buildings upon a lot owned by the defendants, which said contractor had agreed to erect thereon for said owners. The building contract was not recorded in the office of the county recorder. It appears to have been a single contract for the erection of the four buildings.

The buildings were completed on August 7, 1913. On August 16, 1913, the defendants, as owners, filed in the office of the county recorder a notice of completion of said buildings, in accordance with section 1187 of the Code of Civil Procedure. Thirty days thereafter, that is, on September 15, 1913, the plaintiff filed for record in said recorder's office a claim of lien on said lot for the amount due it from said contractor for said materials.

The court below sustained the demurrer on the ground that the thirty day period of time after completion, allowed for filing claims of lien by a materialman, begins to run upon the date of the completion of the contract under which the materials were furnished, and not upon the date of the filing of the notice of completion thereof, and hence that where the actual completion was on August 7th, a claim of lien filed on September 15th is too late, although it was filed within thirty days from the filing of the notice of completion. The soundness of this theory is the sole question presented for decision. No other objection is made to the complaint. We are of the opinion that the court below was in error.

The portions of section 1187 material to the question are as follows:

"Every person save the original contractor claiming the benefit of this chapter, within thirty days after he has ceased to labor or has ceased to furnish materials, or both; or at his option, *within thirty days after the completion of the original contract,* if any, under which he was employed, must file for record with the county recorder of the county . . . , a claim of lien. . . . Any trivial imperfection in the said work, or in the completion of any contract by any lien claimant, or in the construction of any building, . . . shall not be deemed such a lack of completion as to prevent the filing of any lien;

*and, in all cases, any of the following shall be deemed equivalent to a completion for all the purposes of this chapter:* the occupation or use of a building, improvement, or structure, by the owner, or his representative; or the acceptance by said owner or said agent, of said building, improvement, or structure, or cessation from labor for thirty days upon any contract or upon any building, improvement or structure or the alteration, addition to, or repair thereof; *the filing of the notice hereinafter provided for.   The owner may within ten days after completion of any contract,* or within forty days after cessation from labor thereon, file for record in the office of the county recorder of the county where the property is situated, *a notice setting forth the date when the same was completed,* or on which cessation from labor occurred'' (with other particulars). ''In case such notice be not so filed then the said owner and all persons deraigning title from or claiming any interest through him shall be estopped in any proceedings for the foreclosure of any lien provided for in this chapter from maintaining any defense therein on the ground that said lien was not filed within the time provided in this chapter; *provided,* that all claims of lien must be filed within ninety days after the completion of any building,'' etc.

The filing of a notice of completion is therein declared to be ''equivalent to a completion for all the purposes of this chapter.''   In connection with the language preceding this declaration it must be understood to mean that the filing of such notice of completion is the equivalent of the ''completion of the original contract,'' previously mentioned as the thing which starts running the thirty day period, and that a claim of lien by a materialman or laborer, if filed within thirty days after the filing of such notice, will be deemed to be within the time prescribed, whether within thirty days after the actual completion or not.

The scheme of the section with respect to liens under the optional clause, that is, lien claims not filed within thirty days after the doing of the labor or furnishing of the material, but within thirty days after the completion of the contract, is comparatively simple.

It is to be noted that it is not always the completion of the entire building that sets running the time for filing the notice of completion and the optional time for the filing of claims. It may be ''the completion of the original contract,'' as to

claims of lien, or the "completion of any contract," as to the notice of completion, and in either case such contract may be for the construction of only a part of the building, the stone work, the brick work, or the foundations, for example, and such "contract" may be completed long before the completion of the entire building. The ten days allowed for filing the notice of completion of such a contract begins to run at the time of its actual completion by the contractor. The lien claimant for materials furnished or labor done under such contract may not know the time of actual completion thereof, and the statute intends that he need not inquire diligently concerning it. He may watch the files of the county recorder and rely on the filing of the notice of completion, which, for the purpose of his time to file his claim of lien, is deemed to be the equivalent of the completion of the original contract under which he claims, and he may then file his claim within thirty days after the filing of such notice.

If no notice of completion is filed, the claimant is only required to see that his claim is filed before the expiration of the period of ninety days after the completion of the building, that is, of the building as a whole, as provided in the last clause of the section. If his claim is filed within that period and also within thirty days after the filing of the notice of completion of the contract under which he claims, he may rest secure that it is filed in time. If he files the claim within ninety days after completion of the building, and the owner fails to file a notice of the completion of the original contract under which the lien is claimed, within ten days after its actual completion or forty days after cessation of labor thereon, the claimant may rely on the estoppel created by the statute to prevent the owner from disputing the timely filing of the claim.

The phrase "completion of the building," etc., as used in the last clause of the section, fixing the ninety day period, must be understood to mean either the actual completion, or the completion by cessation of labor for thirty days upon the *building,* etc., or completion by occupation or acceptance, as the case may be. As used in that clause it cannot be held to mean the completion effected by operation of law when the notice of actual completion is filed.

The allegations of the complaint show that the claim of lien was filed in time. The demurrer should have been overruled. The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.