[S. F. No. 7140.   Department One.—January 24, 1917.]

# PACIFIC PORTLAND CEMENT COMPANY (a Corporation), Appellant, v. E. W. HOPKINS, Respondent.

Mechanic's Lien—Law Prior to Amendment of 1911—Pleading Contract—Findings.—In an action to foreclose a mechanic's lien, under the statute as it existed prior to the amendments of 1911 to sections 1183 et seq. of the Code of Civil Procedure, it is sufficient to allege and find that a contract for the erection of the building was made between the owner and the contractor, without a specific averment or finding that such contract was "subscribed by the parties thereto." In the absence of proof, it will not be presumed that the contract was void for want of filing or for any other reason.

Id.—Complaint Based on Theory of Valid Contract—Appeal.—Where the complaint by a materialman to foreclose a mechanic's lien was prepared upon the theory that there was a valid contract between the owner and the contractor, and the answer proceeded upon the same basis, and the findings in favor of the owner determined the rights of the parties in view of the making and recording of a valid contract, the plaintiff cannot on appeal abandon that theory and demand a reversal upon the ground that the defendant did not plead, and the court did not find, with sufficient particularity, the existence of the conditions which the plaintiff had asserted as the foundation of his rights.

Id.—Payments on Contract Price—Findings.—A finding that at the time of the abandonment of the contract the contractor had received from the owner, "under the terms of the contract," a specified sum of money, and that the owner had fully performed everything agreed to be done "by virtue of the terms of the contract between himself and the contractor, and in strict conformity with the terms thereof," is, at least *prima facie*, a statement that the payments were made at the times when they should have been made under the contract.

Id.—Constitutional Law—Limitation on Recovery by Lienor.—The legislature had the power, notwithstanding the constitutional provision giving a lien on property upon which labor is bestowed or materials furnished, to limit the lien claimant's recovery to the contract price, and to fix the portion of the contract price applicable to the payment of liens, upon abandonment by the contractor, in accordance with the rule laid down in section 1200 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, for Appellant.

McGraw & Barry, and Hartley F. Peart, for Respondent.

SLOSS, J.—Action to foreclose a mechanic's lien. Plaintiff appeals, on the judgment-roll alone, from a judgment in favor of the defendant owner.

The transaction involved took place in 1909, and our discussion has reference to the mechanic's lien law as it read prior to the amendments of 1911 to sections 1183 et seq. of the Code of Civil Procedure. By its complaint the plaintiff sought to enforce a lien for $1,535.10, the unpaid balance of the value of certain cement furnished by it to Webster-Mace Construction Company for use in, and used in, a building being erected by said Webster-Mace Company, as contractor, for E. W. Hopkins, as owner. The plaintiff alleged the making and filing for record of a contract between Hopkins and the Webster-Mace company, and the abandonment of the contract and work thereunder by the contractor after partial performance on its part. The complaint sought to make a case under section 1200 of the Code of Civil Procedure, alleging that the value of the work and materials at the time of abandonment, measured by the rule of section 1200, exceeded the sums theretofore paid by the owner under the contract to a sufficient extent to cover plaintiff's claim. The defendant Hopkins, in his answer, alleged that he had, at the time of abandonment, paid the contractor more than the value of the work and materials then done and furnished. He did not deny the allegation of the complaint that he had made a contract with the Webster-Mace Company for the construction of the building. On the contrary, he alleged affirmatively that such contract had been made in writing, that it had been filed in the office of the county recorder, and that the contractor had thereafter commenced construction under the contract.

The court found that the plaintiff had furnished the cement as alleged by it, and that the sum of $1,348.65 was due it from the contractor and had not been paid. With regard to the contract between Hopkins and the contractor, the commencement and abandonment of the work and the value of

the work and materials already done and furnished, estimated by the standard of the whole contract price, the findings follow the allegations of the answer. It was further found that at the time of the abandonment, the contractor had received from Hopkins under the terms of the contract the sum of $30,643.95, a sum in excess of the value of the work and materials already done and furnished. · There was a finding, in accord with the averments of the answer, that Hopkins had fully complied with all of the terms of the contract on his part. As a conclusion of law the court found that there was no fund in the possession of Hopkins applicable to the payment of plaintiff's alleged lien, and that defendant Hopkins was entitled to judgment for his costs. Judgment was entered accordingly.

The appellant's first contention is that the findings are defective in that they do not show that the contract between Hopkins and Webster-Mace Construction Company complied with all of the requirements of section 1183 of the Code of Civil Procedure, as that section read at the time of the making of such contract. It is argued that neither the defendant's answer nor the findings show that the contract was "subscribed by the parties thereto," or that it set forth "the names of all the parties to the contract, a description of the property to be affected thereby, together with a statement of the general character of the work to be done, the total amount to be paid thereunder, and the amounts of all partial payments, together with the times when such payments shall be due and payable." It may be remarked, in passing, that the only one of these requirements applicable· was that the contract be subscribed by the parties. The other matters were demanded by the section only when a memorandum was filed in place of the contract itself. (*Snell* v. *Bradbury,* 139 Cal. 379, [73 Pac. 150].) But, apart from this, a party, in pleading a contract, is not called upon to negative the existence of every circumstance which might invalidate the contract. And the findings may follow the form of the pleadings. This is the settled rule with respect to allegations and findings of contracts within the statute of frauds. A finding that the contract was made imports that it was made in writing. (*McDonald* v. *Mission View Homestead Assn.,* 51 Cal. 210; *Emerson* v. *Bergin,* 76 Cal. 197, [76 Pac. 197] ; *McCann* v. *Pennie,* 100 Cal. 547, [35 Pac. 158] ; *Yoakam* v. *Kingery,*

126 Cal. 30, [58 Pac. 324].)   So where the pleadings and the findings in an action to foreclose a mechanic's lien declare, as they do here, that a contract was made.   "It will not be presumed in such case without proof that the contract was void for want of filing or for any other reason."   (*First Nat. Bank* v. *Perris Irr. Dist.*, 107 Cal. 55, 65, [40 Pac. 45].)

But, even if there were a defect in the manner of pleading and finding the contract, the appellant is in no position to make the point.   The mechanic's lien law contemplated two alternative situations in foreclosure suits by laborers, materialmen, and subcontractors.   Where there was a valid contract for the construction of a building, the liens of those claiming under the contractor were measured by the contract price, or so much thereof as had not been duly paid to the contractor.   Where there was no contract, or the attempt to make a contract had failed for want of compliance with the provisions of the code, persons furnishing labor or materials had a lien for the value thereof, irrespective of the relations between the owner and the contractor.   It was for the lien-claimant to show by his complaint whether he was asserting a right against the unpaid part of the contract price due from owner to contractor, or was seeking recovery for labor and materials "deemed to have been done and furnished at the personal instance of the owner," in the absence of a valid contract.   "In an action to enforce the lien of a mechanic or materialman, the complaint must show, either that the building was constructed under a valid statutory contract, or that it was not; and a complaint upon the one theory will not warrant a judgment rendered upon the other."   (*Reed* v. *Norton*, 99 Cal. 617, 620, [33 Pac. 333].)   The complaint in this action was prepared upon the theory that there was a valid contract between Hopkins and Webster-Mace Construction Company.   It alleged the making of a contract, the filing thereof, and the commencement of work thereafter. The allegations with reference to the value of the work and labor done and materials furnished at the time of abandonment, and payments theretofore made by the owner, were useful only for the purpose of showing the portion of the contract price applicable to payment of liens under section 1200 of the Code of Civil Procedure.   These averments had no relevancy or purpose unless there was a valid contract.   The answer proceeded upon the same basis, and the findings de-

termined the rights of the parties in view of the making and recording of a valid contract. The appellant cannot now abandon the theory upon which it began its action, and demand a reversal upon the ground that the defendant did not plead, and the court did not find, with sufficient particularity the existence of the very conditions which the plaintiff had asserted as the foundation of its rights.

The appellant objects, further, that the findings do not show that the payments made by the respondent to the contractor were due at the time they were made. There is nothing ·in the pleadings to suggest that plaintiff was claiming any rights by virtue of premature payments. But even if the issue were present, the findings would be sufficient to meet it. The court found that at the time of the abandonment the contractor had received from Hopkins "under the terms of said contract" the sum of $30,643.95; also that the defendant Hopkins had on his part fully performed everything agreed to be done or performed "by virtue of the terms of the contract between himself and Webster-Mace Construction Company, and in strict conformity with the terms thereof." This is, at least *prima facie*, a statement that the payments were made at the times when they should have been made under the contract.

The final point made is that, since the constitution gives a lien on property upon which labor is bestowed or materials furnished (Const., art. XX, sec. 15), the legislature has no power to enact a statute which shall limit the lien-claimant's recovery to the unpaid portion of the contract price. Whatever might be thought of this as an original question, it is no longer open or debatable in this court. In the recent case of *Roystone Co.* v. *Darling*, 171 Cal. 526, [154 Pac. 15], we reviewed the long line of decisions which had established, in this state, the soundness of the rule that "if there is a valid contract, the contract price measures the limit of the amount of the liens which can be acquired against the property by laborers and materialmen." In the present case, the portion of the contract price applicable to the payment of liens was fixed in accordance with the rule laid down in section 1200 of the Code of Civil Procedure. That the specific method provided by this section is not in conflict with the constitution was expressly decided in *Hoffman-Marks Co.* v. *Spires*, 154 Cal. 111, 115, [97 Pac. 152]. The findings show

that there was no unpaid portion of the contract price applicable to the payment of claimants who had furnished labor or materials to the original contractor. The conclusion of law that the defendant was entitled to judgment necessarily follows.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.