[L. A. No. 4006.  Department One.—July 11, 1917.]

## MARY E. BIRD et al., Appellants and Respondents, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant and Respondent.

Mechanic's Lien Law—Limitation of Owner's Liability to Contract Price—Filing of Contract and Bond.—Under the amendments of 1911 to section 1183 et seq. of the Code of Civil Procedure, the two conditions to the limitation of an owner's liability to the contract price are: (a) The filing of the contract with the county recorder before commencement of the work, and (b) the filing with the contract of a bond in an amount not less than fifty per cent of the contract price for the payment in full of all claims for labor done and materials furnished.

Id.—Constitutional Law.—The requirement of a bond as a condition to the limitation of the owner's liability does not violate any constitutional right.

Id.—Failure to File Bond and Contract—Enforceability of Bond.— A bond given under the statute is valid and enforceable although the bond and contract be not filed, and in that event the liability of the owner to the lien claimants is not limited to the contract price.

Id.—Effect of Failure to File Drawings and Specifications With Contract.—Where the contract requires the work called for to be "conformable" to certain described drawings and specifications, such drawings and specifications, though not attached to the contract, are an essential part of it, and if the drawings and specifications be not filed, there has been no sufficient filing of the contract, and lien claimants may recover the full amount of their unpaid claims although in excess of the contract price.

Id.—Action for Foreclosure—Consolidation With Action by Owner Against Surety—Pleadings and Trial—Theory on Trial.— Where actions for the foreclosure of mechanics' liens are consolidated with an action by the owner on the bond, although, as to the owner and the surety, their pleadings may go upon the theory that the contract was duly filed, the surety cannot contend on appeal that the case was tried upon that theory where some of the complaints of the lien claimants contained no allegation of the making or filing of a contract between the owner and original contractor, and amended complaints of some of the other lien claimants expressly alleged the failure to file and record the plans and specifications.

Id.—Subcontractor—Contract for Portion of Work.—One who contracted to do all the brick and steel work on a building was clearly a subcontractor and not a mere materialman.

ID.—TIME FOR FILING CLAIM.—Claim of lien filed within thirty days after the filing of notice of completion is sufficient although the building may then have been completed and occupied by owner more than thirty days, provided ninety days have not elapsed from date of actual completion.

ID.—DAMAGES—LOSS OF RENTALS—ATTORNEY'S FEES.—Rentals lost by delay in completion and attorney's fees incurred in defending suits are proper charges as damages in favor of the owner against the contractor and against the surety on the contractor's bond.

ID.—APPEAL FROM JUDGMENT—BILL OF EXCEPTIONS—ABSENCE OF SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE.—Where the evidence is brought up on a bill of exceptions containing no specifications of insufficiency of evidence, the findings of the trial court are conclusive as to all facts, including the damages sustained by the owner and the amount thereof.

CROSS–APPEALS from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, and Edward E. Bacon, for Appellants and Respondents Mary E. Bird and R. J. Bird.

Bicksler & Smith, and Bicksler, Smith & Parke, for Appellant American Surety Company of New York.

Frank L. Borden, and M. O. Graves, for Respondent J. E. White & Co.

Frank L. Borden, for Respondents Franklin S. Bell and J. H. Southern.

Behymer & Craig, for Respondent Frank Graves Sash Door and Mill Company.

Cornelius M. Enns, for Respondent James M. Berry.

H. A. Barclay, for Respondent Los Angeles Pressed Brick Company.

G. C. DeGarmo, for Respondent Pico Heights Lumber Company and Frank Smoyer.

James, Smith & McCarthy, for Respondent W. H. Cain.

Wm. B. Ogden, for Respondent A. M. Selfridge et al.

SLOSS, J.—The plaintiff, Mary E. Bird, as owner, entered into a contract with E. R. McLure, as contractor, for the erection of a building on said plaintiff's lot in the city of Los Angeles. The contract price was $7,020, and American Surety Company, as surety, gave a bond in the sum of $3,510 to insure the performance of the contract. McLure commenced work, but did not carry it to completion, and the owner furnished the labor and materials necessary to complete the building. Claims of liens were filed by various persons asserting that they had furnished labor or materials to the contractor, and actions to foreclose such liens were brought. The lien claimants also sought a recovery against the American Surety Company. The owner, Mary E. Bird, brought a separate action against the surety to recover the damages which she had sustained through the contractor's default. The various lien foreclosure suits, together with the owner's action against the surety, were consolidated.

The court found that McLure abandoned work upon the building on or about the first day of October, 1913, while the same was unfinished; that the plaintiff gave to McLure notice in writing of her intention to complete the building, as provided for in the contract, and at the same time mailed to American Surety Company a written statement of the facts showing McLure's default, such statement being required by the terms of the bond. McLure and the Surety Company failed to further perform the contract, and the plaintiff went on with the work, completing the building on or about the tenth day of November, 1913. The plaintiff had paid to McLure, prior to his abandonment, the sum of $3,510. She paid for materials and labor provided by her to complete the building the sum of $1,162.32. Various claims of lien were filed, and the owner had incurred a liability of five hundred dollars for fees of counsel retained to defend against the actions brought to foreclose such liens. The owner had suffered a loss of two hundred dollars in rentals through McLure's default. In the main, the court found in favor of the allegations of the various lien claimants, the claims thus sustained amounting in all to over four thousand eight hundred dollars. The court concluded that the lien claimants were not entitled to recover against the surety. They have not appealed, and the propriety of this conclusion is not in question here. The judgment provided that the various liens should be foreclosed,

and that the owner should recover from the surety the principal sum of the bond, $3,510, together with costs, amounting to $89.90. The American Surety Company appeals from the judgment, from an order denying its motion for a new trial, and from an order denying its motion to enter a different judgment on the findings. The plaintiffs, Mary E. Bird and her husband, R. J. Bird, appeal from the judgment, except that part thereof adjudging that the plaintiff, Mary E. Bird, recover from the American Surety Company and the contractor, McLure.

The transactions here in controversy took place after the mechanics' lien law had undergone the sweeping changes worked by the amendments of 1911 to section 1183 et seq. of the Code of Civil Procedure. At the time of the trial of the present actions, this court had not yet passed on the validity or the scope of these amendments. Since then we have rendered a series of decisions which settle a number of the points raised by counsel in their briefs. The general validity of the statutory scheme, and particularly of the provision for a bond, contained in section 1183, was definitely upheld in *Roystone Co.* v. *Darling,* 171 Cal. 526, [154 Pac. 15]. The argument that the owner's constitutional rights are violated by making him liable for any sum in excess of the price which he has agreed to pay was there met and answered. The opinion pointed out that, under the proper interpretation of the statute, the owner may limit his liability to the contract price by complying with two conditions: (a) The filing of the original contract in the office of the county recorder before the commencement of the work, and (b) the filing with such contract of a bond of the contractor, in an amount not less than fifty per cent of the contract price, such bond to be conditioned, among other things, for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in such work. If the owner complies with these conditions, his property is free from any claim in excess of the contract price agreed upon between him and the original contractor. If, however, he fails to so comply, those furnishing labor or material are entitled to liens upon the property for the value of the labor done and the materials furnished. The requirement of the bond as a condition to the limitation of the owner's liability is not in violation of any constitutional right. In *Hammond Lumber Co.* v. *Willis,* 171 Cal.

565, [153 Pac. 947], decided shortly after the Roystone case, it was held that a bond given under the statute is valid and enforceable, even though such bond and the contract to which it refers have not been filed, and there has been a failure, consequently, to limit the recovery of the lien claimants to the amount of the contract price.

In the case at bar the court gave judgment in favor of the lien claimants for the full amount of their claims, which exceeded, in the aggregate, the balance of the contract price due from the owner to the contractor. This was proper, because, as the findings show, the owner had not filed the contract in accordance with the terms of section 1193. The contract provided that McLure should build a two-story frame building, consisting of two stores and four three-room apartments, "all to be conformable to the drawings and specifications, of even date herewith, made by R. M. Jackson, designer, and signed by the parties." The contract itself contained no further description of the contractor's undertaking, and the character and details of the work to be done by him could not be ascertained without resort to the drawings and specifications. Such drawings and specifications, therefore, constituted an essential part of the building contract, even though the contract did not in terms recite that they were attached to and made a part of it. (*Greig* v. *Riordan,* 99 Cal. 316, [33 Pac. 913]; *Pierce* v. *Birkholm,* 115 Cal. 657, [47 Pac. 681].) Prior to 1911, the statute provided that a failure to file the contract, or a memorandum thereof, rendered the contract wholly void. In this state of the law, it was thoroughly settled that, where the plans and specifications were a part of the contract, they must be filed with it. The present statute does not make the contract void for want of filing, but does require that it shall be filed in order to restrict the recovery to the amount of the contract price. No distinction can be drawn between the two statutes with respect to what constitutes a filing of the contract. If, under the one, the plans and specifications forming part of the contract must be filed, they must equally be filed under the other. The fact that, under the two statutes, different consequences result from a failure to file the contract does not justify a holding that the words, "the contract . . . shall be filed," have different meanings in the old and the new law.

The appellant Surety Company argues that the pleadings were drawn and the case tried upon the theory that the contract had been duly filed, and that this theory cannot be abandoned and a new one adopted after the appeal is taken. The contention would be sound (*Pacific Portland Cement Co.* v. *Hopkins,* 174 Cal. 251, [162 Pac. 1016]), if the assumption upon which it is based were supported by the record. But it is not. It may be that the pleadings of the owner and of the Surety Company went upon this theory. This was not, however, a suit between them alone. The lien claimants were parties, and their actions had been consolidated with that of the owner. Some, at least, of these claimants filed complaints containing no allegation of the making or filing of a contract between the owner and the original contractor. Furthermore, the findings recite that all the parties in the actions for the foreclosure of liens had been permitted "to amend their respective complaints by alleging that the plans and specifications for the construction of said building were not filed or recorded." It is not true, therefore, that either the pleadings or the findings were framed upon the theory that a contract had been duly filed. It may be added that the American Surety Company, in its motion to set aside the judgment, and in its notice of intention to move for a new trial, specified, among the grounds for relief, that "the entire contract, including plans and specifications, was not filed as required by law." Under these conditions, this appellant is hardly in a position to claim that the case is within the rule declared in *Pacific Portland Cement Co.* v. *Hopkins.*

It is urged that the court should not have given judgment in favor of the Los Angeles Pressed Brick Company, which had furnished materials to one Southern. The claim is that Southern himself was only a materialman, and that a lien does not lie in favor of one who sells materials to a materialman. (*Roebling's Sons Co.* v. *Humboldt etc. Co.,* 112 Cal. 288, [44 Pac. 568].) But it is not the fact that Southern was a mere materialman. His contract was to do all the brick and steel work in the building. He was clearly a subcontractor. (*Hihn-Hammond Lumber Co.* v. *Elsom,* 171 Cal. 570, [Ann. Cas. 1917C, 798, 154 Pac. 12].) Furthermore, Southern himself filed a lien, and the amount awarded to the Brick Company was deducted from the total which would otherwise have gone to Southern. The appellants are not injured, therefore,

by the action of the court in awarding the amount of its claim to the Brick Company directly.

One of the successful lien claimants, Smoyer, filed his claim of lien December 12, 1913. The court found that the building was completed November 8, 1913, and accepted and occupied November 10, 1913. Both of these dates were more than thirty days before the filing of the claim. But the court found, further, that the owner filed a notice of completion on November 12, 1913. The claim of lien was filed within thirty days after this date. Section 1187 of the Code of Civil Procedure declares that any of several acts, one of which is the filing of such notice, shall be deemed equivalent to a completion. In *Hughes Mfg. etc. Co.* v. *Hathaway*, 174 Cal. 44, [161 Pac. 1159], this court decided that the claim may be filed within thirty days after the filing of the notice of completion, provided that ninety days have not elapsed from the date of actual completion. Smoyer, therefore, was not too late. The same considerations are applicable to the objection made to the foreclosure of the lien of Frank Graves Sash Door & Mill Company.

The rentals lost by delay in completion and the attorneys' fees incurred in defending against suits were proper charges in favor of the owner against the contractor, and against the Surety Company, which had given a bond to indemnify the owner against any loss or damage arising by the failure of the contractor to faithfully perform his contract, and for the payment in full of the claims of all persons performing labor upon, or furnishing materials to be used in, the work. (*Hampton* v. *Christensen*, 148 Cal. 729, [84 Pac. 200]; *Tally* v. *Ganahl*, 151 Cal. 418, [90 Pac. 1049].)

The Surety Company argues that the owner failed to comply with certain conditions of the bond. The complaint alleges, however, full compliance on the part of the plaintiff, Mary E. Bird, with all of the terms, conditions, and covenants of the contract, and of the bond, and the court found this allegation to be true. The evidence is brought up by means of a bill of exceptions, settled by the court. The American Surety Company, which proposed said bill, failed to incorporate therein any specifications of insufficiency of the evidence. The findings must therefore be taken as conclusive here. (Code Civ. Proc., sec. 648; *Hawley* v. *Harrington*, 152 Cal. 188, [92 Pac. 177].) For the same reason, we cannot con-

sider the merits of the claim that the owner was required to show the value of her property. The argument is that, since the lien claimants recovered no personal judgment against the owner, but could enforce their claims against her property alone, she could be damaged only to the extent of the value of her property, which might be less than the aggregate of the liens. Without expressing any opinion regarding the soundness of this contention, it is sufficient to say that the complaint alleges, and the court has found, that, by reason of the failure of the contractor and the surety to perform the terms and conditions of the contract and bond, the owner has been damaged in a sum exceeding $3,510. In the absence of any specification of insufficiency, we cannot inquire whether there was evidence to support this finding of the ultimate fact of damage.

The judgment and the orders appealed from are affirmed.

Shaw, J., and Victor E. Shaw, J., *pro tem.,* concurred.