No. 25,999.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellee*, v. EDWARD CHARLET, *Appellant*.

SYLLABUS BY THE COURT.

MONOPOLIES—*Coöperative Wheat Marketing Associations—Constitutionality of Statute.* The coöperative marketing act, under which the Kansas Wheat Growers Association is organized, does not contravene the constitution of the United States or the constitution of the state of Kansas, and the association is not a combination in restraint of trade or an organization for creation of monopoly.

Appeal from Edwards district court; ROSCOE H. WILSON, judge. Opinion filed June 6, 1925. Affirmed.

*A. L. Moffat,* of Kinsley, and *W. H. Vernon,* of Larned, for the appellant.
*T. A. Noftzger* and *George W. Cox,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the Kansas Wheat Growers Association to recover from a member the stipulated damages for violation of the member's marketing agreement with the association, and for an injunction to restrain further sale and delivery of wheat by the member, contrary to the agreement. Plaintiff prevailed, and defendant appeals.

Defendant contends the marketing agreement is contrary to public policy, illegal and void, because designed to create monopoly and to restrain trade. The marketing agreement is a proper means of achieving the purposes of the association, the purposes of the association are those recognized by the statute under which it was organized,

and the attack on the agreement is really an attack on the statute. In the case of *Wheat Growers Association v. Schulte*, 113 Kan. 672, 216 Pac. 311, the court held the statute to be valid, and held the association is not an unreasonable combination in restraint of trade or an organization for fostering unlawful monopoly.

Defendant contends the evidence shows the association is an unlawful combination to restrain trade and create monopoly. The evidence consists of the association's by-laws; the marketing agreement; a statement by a man who was soliciting members, that they would keep wheat off the market and raise the price; and the fact that at the time of the trial the association had in contemplation a working agreement with a similar Kansas organization. Defendant makes a statement in his brief to the effect that the contemplated arrangement has been effected. What it is he fails to disclose, except to characterize it as an "interlocking agreement." Plaintiff meets the statement by flat denial of its truth, and the court is not inclined to wreck the association because of a membership solicitor's interpretation of its purposes.

Defendant says the court found the contract was made for the purposes of obtaining wheat, keeping it off the market, and putting it in a pool to raise the price of wheat. What the court did was to describe the association as an organization of wheat growers associated together to pool their wheat and withhold it from market until such time as the association desired to sell. The court made no finding of purpose or practice, and, in view of the minute findings which it did make, could have had no competent evidence before it of purpose or practice contravening the great public policy which the legislature sought to promote by the coöperative marketing act, the title of which reads as follows:

"An act to promote, foster and encourage the intelligent and orderly marketing of agricultural products through coöperation, and to eliminate speculation and waste; and to make the distribution of agricultural products as direct as can be efficiently done between producer and consumer; and to stabilize the marketing problems of agricultural products." (Laws 1921, ch. 148.)

Defendant contends the coöperative marketing act contravenes the constitution of the United States because it permits a monopoly which would otherwise be condemned by the antitrust statute, and so creates an exception to the antitrust statute for the benefit of a favored class. The case of *Connolly v. Union Sewer Pipe Co.*, 184 U. S. 540, is cited. One flaw in the contention consists in the fact

that the coöperative marketing act does not create monopoly of the kind denounced by the antitrust act. (*Wheat Growers Association v. Schulte,* supra.)

Section 4 of the act authorizes the formation of associations to engage in any activity for accomplishment of the purposes of the act, but provides as follows:

"Nothing in this act shall authorize such association to engage in the banking business." (Laws 1921, ch. 148.)

Defendant contends the act is discriminatory because an association formed under it may do anything directly or indirectly connected with agriculture, except banking. If the question should ever be properly raised, it will doubtless be held that only those business activities which are germane to the purposes of the act are permissible, and that banking is not such an activity. A contention that the title of the act is not broad enough is without merit.

The judgment of the district court is affirmed.