[Civ. No. 3756. Third Appellate District.—June 11, 1929.]

LOS ANGELES CITY SCHOOL DISTRICT OF LOS ANGELES COUNTY, Plaintiff, v. LEWIS TUCKER et al., Defendants; PATTEN & DAVIES LUMBER COMPANY (a Corporation) et al., Cross-Complainants and Respondents; SOUTHERN SURETY COMPANY (a Corporation), Cross-Defendant and Appellant.

W. I. Gilbert, Kenneth Keeper and Wilson, Haas & Stevens for Appellant.

Dana R. Weller for Respondents.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendant Southern Surety Company from a judgment rendered in favor of defendant Patten & Davies Lumber Company for the sum of $574.50, and from a judgment rendered in favor of defendant Noyes Marble & Tile Company for the sum of $264.

The facts are not in dispute and are briefly these: Lewis Tucker, a contractor, entered into a contract with the plaintiff Los Angeles City School District on the twenty-seventh day of February, 1925, for the alteration and repair of a school building in the city of Los Angeles for the contract price of $2,298. On the same day said Lewis Tucker as principal and appellant Southern Surety Company as surety executed a bond in the sum of $1,149, being fifty per cent of the contract price, in compliance with the requirements of the act of 1919 (Stats. 1919, p. 487), entitled "An Act to secure the payment of the claims of persons employed by contractors upon public works, and the claims of persons who

furnish materials, supplies . . . used or consumed by such contractors in the performance of such works, and prescribing the duties of certain public officers with respect thereto." This bond, by its terms, inured to the benefit of persons who furnished materials and performed labor on said school building. After the execution of said bond the said Lewis Tucker entered upon the performance of said contract. Among the persons furnishing materials were Patten & Davies Lumber Company and Noyes Marble & Tile Company, defendants and respondents herein.

The contract was completed by Tucker on the thirtieth day of April, 1925, and within ten days thereafter, to wit, on the 9th of May, 1925, notice of completion was recorded in the office of the county recorder of Los Angeles County. The balance of the contract price due Tucker at the time of the completion of the building was $574.50.

On May 20, 1925, a writing was filed with the board of education, signed by Lewis Tucker, reading as follows:

"Los Angeles, Cal., May 20th, 1925.

"Mr. C. F. Lenz, Auditor

"L. A. Board of Education.

"Dear Sir:

"I hereby authorize you to deliver my warrant for the sum of $574.50, which is the 35-day payment for alterations to the old building at the Normandie Avenue School House, to Patten & Davies Lumber Co., this money being due them for material supplied by them for above mentioned work; said payment being due June 5th, 1925; when said warrant is ready for delivery I will endorse same to Patten & Davies at your office. Please notify me.

"Lewis Tucker, Contractor."

The board of education on June 1, 1925, caused to be entered upon its minutes the following:

"Regarding the contract for Alterations to the Old Building at the Normandie Avenue School, Lewis Tucker, Contractor:

"The Secretary reports that he is in receipt of a letter dated May 25, 1925, from Patten & Davies Lumber Company, enclosing an order signed by Lewis Tucker to deliver the amount of $574.50, representing the final payment on the above-mentioned contract, to Patten & Davies Lumber Company.

"We recommend that a warrant of $574.50, covering the final payment on the contract for Alterations to Old Building on the Normandie Avenue School site, be made payable to Lewis Tucker, contractor, when said warrant becomes due and payable, but that the Auditor be authorized and requested to deliver said warrant to Patten & Davies Lumber Company in case it has not otherwise become encumbered, and that both Lewis Tucker, contractor, and the Patten & Davies Lumber Company be notified by the Secretary of this action."

A stop notice was filed by respondent Noyes Marble & Tile Company with said board of education on June 8, 1925. Thereafter the said board of education, through an interpleader complaint, tendered said sum of $574.50 into court and requested that all interested parties litigate their claims therein. The parties to this action appeared and filed appropriate pleadings, but the only parties appearing at the trial were respondents Patten & Davies Lumber Company and Noyes Marble & Tile Company and appellant Southern Surety Company.

The trial court entered judgment in favor of Patten & Davies Lumber Company for $574.50, by virtue of the order from Lewis Tucker dated May 20, 1925, above set forth, and directed the clerk to pay to Patten & Davies Lumber Company said sum, which had been deposited in court by said board of education.

Appellant contends that the evidence offered by respondent Patten & Davies Lumber Company was insufficient to constitute an assignment of the funds belonging to Lewis Tucker. Patten & Davies Lumber Company, on the contrary, contends that the writing of May 20, 1925, above set forth, from Lewis Tucker to the auditor of the board of education, constituted an equitable assignment of Tucker's claim to said sum of $574.50.

No precise form of words or writing is necessary to the establishment of an equitable assignment. If, from the entire transaction, it clearly appears that it was the intention of Lewis Tucker and respondent Patten & Davies Lumber Company when the letter or order of May 20, 1925, was given, to pass title to the $574.50 in the hands of the board of education to Patten & Davies Lumber Company, then an assignment will be held to have taken place. (*Law-*

*rence Nat. Bank* v. *Kowalsky,* 105 Cal. 41 [38 Pac. 517];
*McIntyre* v. *Hauser,* 131 Cal. 11 [63 Pac. 69]; *Goldman* v.
*Murray,* 164 Cal. 419 [129 Pac. 462]; *McGown* v. *Dalzell,*
72 Cal. App. 201 [236 Pac. 941]; *Dunlap* v. *Commercial Nat.
Bank,* 50 Cal. App. 480 [195 Pac. 688].) ■ Here we
have an order signed by the contractor authorizing the board
of education to deliver his warrant for the full amount due
him under the contract to Patten & Davies Lumber Company,
for materials supplied by them to him in the execution of
his contract, and the board of education accepted the order.
Patten & Davies Lumber Company relied upon this order and
did not file any stop notice with said board of education.

We conclude that, under such circumstances, the trial court
was warranted in holding that an equitable assignment had
taken place.

■ Appellant argues that a letter written by Tucker to
the secretary of the board of education on June 24, 1925,
shows that it was not the intention of Tucker when he gave
the order on May 20, 1925, that said order should operate
as an absolute assignment to Patten & Davies Lumber Com-
pany. We do not so understand the letter of June 24, 1925;
it specifically recognizes the order theretofore given to Patten
& Davies Lumber Company, but merely requests the board
of education to handle the situation as they think proper,
etc. Furthermore, the order of May 20, 1925, being sufficient
to transfer the funds in the hands of the board of education
from Tucker to Patten & Davies Lumber Company, any sub-
sequent order or instructions given by Tucker regarding said
funds would be of no effect.

■ Appellant also contends that if Tucker did make an
equitable assignment to Patten & Davies Lumber Company,
such assignment would not take precedence over the claims
of laborers and materialmen who had filed their claims in the
manner provided by law, and further, that such an assign-
ment would not take precedence over the rights of appellant
Southern Surety Company.

In the face of the undisputed evidence in the case at bar
appellant's contentions are untenable. Said contract was
completed by Lewis Tucker and accepted by said board of
education on or about April 30, 1925. Under the terms of
said contract final payment was to be made to Lewis Tucker
*thirty-five days after completion of work,* which would make

the final payment *due and payable on June 5, 1925.* Noyes Marble & Tile Company filed its verified claim or stop notice for $264 with said board of education *on June 8, 1925, or three days after the final payment was due Tucker under his contract.* No verified claim or stop notice was filed by any person prior to June 5, 1925. Therefore, on June 5, 1925, when the final payment fell due, there was no valid reason why Patten & Davies Lumber Company as assignee of Lewis Tucker was not entitled to collect the final payment from the board of education.

█ Appellant assumes in its argument that the thirty-five days for final payment under the contract did not begin to run until May 9, 1925, the date the board of education filed the notice of completion, and then argue that the thirty-five days would not expire until June 13, 1925, and that Noyes Marble & Tile Company's stop notice was filed June 8, 1925, or before the final payment was payable under the contract, and, therefore, Noyes Marble & Tile Company had priority over said assignment from Tucker to Patten & Davies Lumber Company to the funds in the hands of the board of education. This is erroneous; the thirty-five days began to run under the contract when the alterations and repairs *were completed, which was April 30, 1925.*

If Noyes Marble & Tile Company had filed its stop notice *before* the thirty-five days expired under the contract, then it would have had the right to satisfy its claim out of the funds in the hands of the board of education before the assignment to Patten & Davies Lumber Company would be effective, but said stop notice being filed *after* the thirty-five days expired, and *after the final payment matured and was payable,* such claim is subordinate to and subject to said assignment. (*Southern California Elec. Co.* v. *McDonald et al.,* 178 Cal. 386–392 [173 Pac. 760] ; *Newport Co.* v. *Drew,* 125 Cal. 585 [58 Pac. 187] ; *Long Beach School District* v. *Lutke,* 129 Cal. 409 [62 Pac. 36] ; *Miles* v. *Ryan,* 172 Cal. 207 [157 Pac. 5] ; *Maryland Casualty Co.* v. *Shafer,* 57 Cal. App. 580 [208 Pac. 192].)

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1929, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied.

■ Appellant contends in the petition for a rehearing that the Noyes Marble & Tile Company is not entitled to judgment because its stop notice was not filed in time. This point was not urged in the original briefs. There is, however, no merit in this contention. The Noyes Marble & Tile Company had *thirty days after filing of notice of completion of contract within which to file its stop notice.* (*Bird* v. *American Surety Co.,* 175 Cal. 625 [166 Pac. 1009]; *Hughes Mfg. Co.* v. *Hathaway,* 174 Cal. 44 [161 Pac. 1159]; *Simons Brick Co.* v. *Hetzel et al.,* 72 Cal. App. 1 [236 Pac. 657].)

The notice of completion was not filed until May 9, 1925, and said stop notice was filed June 8, 1925; therefore, the stop notice was in time and the surety is liable to Noyes Marble & Tile Company.