[Civ. No. 2862.   Second Appellate District, Division Two.—January 20, 1919.]

PIONEER PAPER COMPANY (a Corporation), Appellant, v. LILLIAN HATHAWAY et al., Respondents.

MECHANIC'S LIEN—NOTICE OF COMPLETION—TIME FOR FILING CLAIM OF LIEN.—Where a notice of completion is filed under the code provisions, the time for filing claim of lien may run from the date of the filing of the notice of completion, and not necessarily from the actual date of completion or acceptance or occupancy of the building.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial.  Frederick W. Houser, Judge.  Reversed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton and Albert A. Kidder, Jr., for Appellant.

Frank D. McClure for Respondents.

SLOANE, J.—This is an appeal from a judgment for defendants and from an order denying motion for new trial in an action to foreclose a mechanic's lien.  The only question involved in the appeal is as to whether or not the claim of lien was filed by plaintiff within the period of thirty days allowed it by law.  The findings of fact of the trial court, the correctness of which are not disputed, support the claim of the plaintiff and entitle it to judgment.

The court found that the contract in question was completed, and the buildings occupied by the defendants, on the seventh day of August, 1913, and that notice by the owners of the completion of the contract was filed in the office of the county recorder of Los Angeles County on the sixteenth day of August, 1913; ánd that the claim of lien was filed on the eleventh day of September, 1913, within thirty days of the date of the filing of the notice of completion, but more than thirty days after the actual completion, acceptance, and occupancy of the buildings in question.

In its conclusions of law the court held that the plaintiff was not entitled to judgment by reason of the claim of lien

having been filed more than thirty days after the completion of the buildings. This conclusion is erroneous, and not justified by the findings of fact.

This precise question, under the same building contract, in another action against the same defendants, has been determined by the supreme court of this state since this appeal was taken. (*Hughes M. Co.* v. *Hathaway,* 174 Cal. 44, [161 Pac. 1159].) It is there held that where a notice of completion is filed under the code provisions the time for filing claim of lien may run from the date of the filing of the notice of completion, and not necessarily from the actual date of completion or acceptance or occupancy of the building.

Judgment reversed with directions to the trial court to enter judgment for the plaintiff in accordance with the views herein expressed.

Finlayson, P. J., and Thomas, J., concurred.