[Civ. No. 3817. First Appellate District, Division Two.—July 23, 1921.]

HANS P. NELSON, Respondent, v. L. B. HOGE, Appellant.

[1] MECHANICS' LIENS—TIME FOR FILING CLAIM—NOTICE OF COMPLETION.—The time allowed a materialman within which to file his claim of lien begins to run from the date of the filing of the notice of completion of the building and not from the time of actual completion.

[2] ID.—SUBSTANTIAL COMPLIANCE—COMPLETION WITHIN REASONABLE TIME—SUFFICIENCY OF EVIDENCE.—In this action for the foreclosure of a mechanic's lien, the findings of substantial compliance with the contract and completion within a reasonable time are sustained by the evidence.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. F. Riley for Appellant.

H. S. Craig for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for the plaintiff in an action to foreclose a mechanic's lien upon property owned by the defendant Hoge. The defendant, Bank of Yolo, is the mortgagee of the property, and as its rights were fully protected by the judgment of the trial court, it is not a party to this appeal.

The plaintiff is a general contractor who constructed for the defendant, under a written contract, an apartment house in Oakland. Payments were made by the defendant, from time to time, according to the terms of said contract, as the building operations progressed. On October 28, 1918, defendant accepted said building, and on October 29, 1918, made the completion payment to the plaintiff and recorded notice of completion in the office of the county recorder. According to the terms of the contract between the parties, the final payment of the balance of $7,173.75 due upon the contract price of the building was to be made thirty-five days after acceptance, i. e., on December 3, 1918. Defendant failed and refused to make said final payment, and on December 17, 1918, plaintiff filed for record his claim of lien; and later commenced this action to enforce the same.

[1] We shall consider, first, appellant's objection that the lien was not filed in time. This objection is based upon the finding of the court that the building was "on the 4th day of October, 1918, practically and substantially completed and ready for occupancy and was thereafter and to-wit, on the 29th day of October, 1918, and from that time forward, actually occupied by said defendant Hoge." The building was actually accepted on October 28th, and notice of completion filed for record on October 29th. Claim of lien was filed December 17, 1918, which was well within the time allowed if computation be made from October 29th, but would be too late if computation be made from October 4th. It has been expressly decided in the case of *Hughes Mfg. Co.* v. *Hathaway,* 174 Cal. 44, [161 Pac. 1159], that the time allowed a materialman within which to file his claim of lien begins to run from the date of the filing of

the notice of completion.  (See, also, *Pioneer Paper Co.* v. *Hathaway,* 39 Cal. App. 405, [179 Pac. 227].)

[2]  Appellant argues that the contractor failed in many particulars to fulfill his contract; that in the matter of painting and plastering and roofing, and in the quality of the materials furnished, and in many other particulars, plaintiff failed to do what was required of him under the terms of his contract with the defendant.  It would serve no useful purpose for us to discuss in detail the evidence regarding these various matters, nor to discuss each objection separately.  It is admitted that there were some defects in the building, and that there were some particulars in which it did not conform to specifications.  In the light of the findings, however, we must accept as true the testimony which is in harmony with plaintiff's contentions.  That testimony, given by the plaintiff and by Mr. Hall, representative of the bonding company, and by Mr. Doell, was to the effect that there had been numerous complaints by the defendant as to the manner in which the plaintiff had performed his part of the contract, and that a conference was held between these gentlemen and the owner, at which the owner pointed out, on the premises, the various matters of which he was complaining; that the parties then went to the Builder's Exchange, where the entire situation was discussed, the conference lasting the entire day; that at this conference it was agreed between the parties hereto that certain allowances in money should be made to the defendant for some of the defects which he claimed, and that, in addition, the plaintiff should make certain changes and remedy certain defects, and that the defendant would accept the building and make the completion payment, after deducting therefrom the amount allowed for defects, etc.

By the terms of the contract between the plaintiff and defendant, payments were to be made only upon certificate of the architect employed by the defendant.  The architect, after this conference and compromise agreement of the parties, gave his certificate for the completion payment, less the amount of the deductions allowed defendant.  This payment was accordingly made by the defendant, who then accepted the building and agreed to pay the balance due within thirty-five days.  After the expiration of this time, plaintiff received from the architect the required certificate,

entitling him to the final payment of $7,173.75. He presented this certificate to the defendant and requested payment. According to plaintiff's testimony defendant stated that he did not have his check-book with him but would bring it from San Francisco the next day. On the next day, plaintiff went to see the defendant, who again made an excuse for not making the payment and said he would make it on the following Friday, but failed to make it at any time.

Appellant quotes numerous extracts from the record to show that there were many particulars in which the work of the contractor was not satisfactory, nor according to contract. This is, of course, obvious from the record; but the court has found that the building was accepted by the defendant after an adjustment of all differences between the parties and an allowance to the defendant. The appellant contends that this acceptance was conditioned upon the plaintiff remedying certain defects. The plaintiff testified that he has done the things required of him by this compromise agreement. Defendant contends that by the compromise agreement, plaintiff was to remedy all defects and make the work conform to the standard established by the contract. Taking this view of the situation, it is met by the findings of the court. The trial judge personally inspected the premises with counsel, and examined all the alleged defects in the building, and after such personal inspection and the testimony of plaintiff's witnesses, finds: "That the work performed in the construction of said building and material furnished and used in the construction thereof under a fair interpretation of the contract, plans and specifications taken as a whole, was done and performed in a workmanlike manner and in substantial compliance with the plans and specifications throughout, and that such imperfections as appear or exist in the work are trivial in their nature and effect, both as to appearance and workmanship." Under such circumstances, we may not inquire anew into the facts but must accept the findings of the trial court.

Appellant also contends that allowance should have been made to him for damage suffered by reason of delay in completing the building. The contract provided that the building should be completed in 120 working days. It was also provided in the contract: "The time during which the

contractor is delayed in said work by the acts or neglects of the owner or his employees, or those under him by contract, or otherwise, or by stormy and inclement weather which delays the work shall be added to the time for completion as aforesaid." It appears that there was added to the contract extra work amounting to $580, which would, of course, allow additional time. It is to be noted that deducting Sundays, holidays, and Saturday afternoons, the total number of days which elapsed between April 16th, the date of the contract, and October 4th, the date of practical completion, was 131 days. This was only eleven days more than the time allowed by the original contract, and in that time, extra work, amounting to $580, was done. Furthermore, the testimony showed that there had been rain on September 12th and on September 23d, which would also allow more time to the plaintiff within which to perform his contract. Under these circumstances, we think the finding of the court that the building was completed within a reasonable time, and that any delay in the time of completion was acquiesced in by the defendant and was not due to the failure, default, or neglect of the plaintiff was fully warranted.

The only other point argued by the appellants is that the payment for which this action was brought was not due to the plaintiff because he did not properly comply with a provision of the contract requiring him to furnish to the owner, before the final payment, a written guarantee agreeing to keep the entire building perfectly water-tight for a period of five years from the date of its final acceptance. The court found with relation to this matter that on December 7, 1918, plaintiff offered to make, execute, and deliver to said defendant his personal guarantee under the terms of the contract to keep the building water-tight for a period of five years from date of completion, and did then and there demand from said L. B. Hoge payment to him of said sum of $7,173.75, which payment, or any part thereof, said defendant Hoge failed, neglected, and refused to make. While the evidence on this question, perhaps, does not go to the extent of the finding made, nevertheless it does appear from the evidence that the plaintiff furnished a guarantee of the roofing contractor which was accepted by the architect without objection as to its form or substance. It

appears that there was some uncertainty in the minds of the parties as to whether the contract called for a guarantee by the roofing contractor or by the general contractor. The refusal of the defendant to make the final payment was not based upon the absence of the guarantee of the plaintiff with reference to the roofing, and it appears from the testimony of plaintiff that he was at all times ready, willing, and able to furnish his personal guarantee according to the terms of the contract. The trial court has found that at the time the final payment was demanded, and at all times since, the plaintiff has been ready, willing, and able to furnish and deliver said guarantees according to his agreement, and has, in the course of the trial, produced, offered, filed, and delivered in open court said written guarantees, and each thereof, and the same are now on file in the action for the use and benefit of said defendant Hoge. The record discloses that the personal guarantee with relation to the roofing, so filed in the trial court, is in strict conformity with the terms of the contract. It is apparent, therefore, that no injustice has been done the defendant in the matter of the guarantees and that the judgment should not be reversed upon that account.

There are no other matters in the briefs requiring discussion. The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 22, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 19, 1921.

All the Justices concurred, except Shaw, J., who was absent.